IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| John Wiemann (N-44181), | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 16 C 50325 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Needra Chandler, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff is directed to either (1) submit a renewed application that is certified by a trust fund officer including a copy of his prison trust fund statement showing activity in his account for the six months immediately preceding plaintiff's filing of his complaint (or, from about April 18, 2016 to October 18, 2016); or (2) pay the full statutory filing fee of $400.00. Additionally, plaintiff must submit an amended complaint fully disclosing his litigation history if he wishes to proceed with this case. Failure to fully comply with this order within 30 days will result in summary dismissal of this case. The Clerk of Court is directed to send plaintiff an amended complaint form, a blank application to proceed *in forma pauperis* and a copy of this order.

## STATEMENT

Plaintiff John Wiemann, a prisoner at the Dixon Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he entered the Dixon Correctional Center in January 2014 and was placed in cell/room 16. He claims that a drinking fountain in the hallway outside his cell constantly leaks water and that staff and inmates "slip daily on the water." According to plaintiff, the washroom in this hallway (washroom 116) is unsafe and unsanitary. Plaintiff alleges that standing water frequently accumulates on the floor of the washroom, and that, on August 31, 2015, he slipped and fell, injuring his right shoulder and collar bone.

Plaintiff seeks to file his complaint *in forma pauperis*; however, his application is incomplete and is therefore denied without prejudice. The Prison Litigation Reform Act requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner is not able to prepay the fee, he may submit an application to proceed *in forma pauperis* to pay the fee with monthly deductions from his trust fund account. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the

1

prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Here, plaintiff's application is incomplete because he did not include a copy of his trust fund statement for the *six months preceding the filing of this lawsuit* (or, from about April 18, 2016 to October 18, 2016). The trust fund statement plaintiff has included with his application indicates that it covers a period from March 28, 2016 to September 28, 2016. A discrepancy of a few days would be acceptable, but there is more than a two week gap in this case.

If plaintiff wants to proceed with this lawsuit, he must submit a completed application for leave to proceed *in forma pauperis* including a copy of his trust fund statement showing activity in his account for the six months immediately preceding the filing of his complaint (or, from about April 18, 2016 to October 18, 2016). Alternatively, he may pay the full statutory filing fee of $400.00. Plaintiff's failure to comply with this directive by the above stated date will result in summary dismissal of this action.

Additionally, if plaintiff wants to proceed with this lawsuit, he must submit an amended complaint fully disclosing his litigation history. The court's standard Section 1983 complaint form requires plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court in the United States." [1] at 3. Plaintiff listed three lawsuits that he filed in the Illinois Court of Claims: 16CC1015, 16CC1765, and 16CC358. *Id.* He identifies case no. 16CC1015 as a "loss of personal property" case, and states that it was settled on February 25, 2016. He identifies case no. 16CC1765 as a "negligence-injury-unsafe conditions" case, and states that it is "pending settlement 6/22/16." He identifies case no 16CC358 as a "medical malpractice and breach of contract" case, and states that it is "pending hearing unscheduled." *Id.*

A review of electronic court records, however, shows that plaintiff filed at least one other lawsuit in federal court in addition to this lawsuit: *Wiemann v. Agnew*, case no. 97 CV 3052 (C.D. Ill.) (civil rights case dismissed on summary judgment on Feb. 1, 1999).

The United States Court of Appeals for the Seventh Circuit has affirmed dismissal for failure of an inmate plaintiff to fully divulge his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). Here, plaintiff failed to include his prior federal lawsuit on page 3 of the standard-form complaint, and provides no explanation as to why he did not mention it or otherwise include information about it. Additionally, he has provided very little information about the nature of the cases filed in the Illinois Court of Claims -- two of which may still be pending. If plaintiff wishes to proceed with this lawsuit, he must submit an amended complaint containing a complete, truthful, and accurate list of all lawsuits he has filed in any state or federal court in the United States, identifying the title, case number, and disposition of each case, including whether any dismissal incurred a strike. The list should include the lawsuits referenced in this order as well as any other lawsuits filed by plaintiff. Additionally, plaintiff should provide updated information about the status of the cases filed in the Court of Claims, and he should explain, in more detail, the nature of those suits and/or the particular claims raised in those suits.

Because plaintiff has failed to fully disclose his litigation history, the court dismisses the complaint on file without prejudice. Plaintiff is granted until the above-referenced date to submit an amended complaint on the court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits plaintiff wants the court to consider in its threshold review of the amended complaint must be attached. Plaintiff is advised to keep a copy for his files.

In sum, plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint. The clerk will provide plaintiff with the necessary forms along with a copy of this order. Plaintiff's failure to fully comply with this order by the above-stated date will result in summary dismissal of this case.

Date: 11/21/2016            ENTER:

                              _____
                                  United States District Court Judge

                              Docketing to Mail Notices (ER)